**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**

                                                             **CASE NO.: 10-10730-BKC-EPK**

**VISION CARE HOLDINGS, LLC,**          **Chapter 11**

        **Debtor.**
_____/

**APPLICATION OF DEBTOR-IN-POSSESSION FOR EMPLOYMENT OF**
**BART HOUSTON AND THE LAW FIRM OF GENOVESE JOBLOVE**
**& BATTISTA, P.A., AS COUNSEL FOR DEBTOR-IN-POSSESSION**

**VISION CARE HOLDINGS, LLC** ("VCH" or the "Debtor"), as debtor and debtor-in-possession in the above-captioned case (the "Debtor"), respectfully request the entry of an Interim Order, pursuant to 11 U.S.C. §327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Bart A. Houston ("Houston") and the law firm of Genovese Joblove & Battista, P.A. ("GJB") <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date, as hereinafter defined, to represent the Debtor as its general bankruptcy counsel in this Chapter 11 case. In support of this Application, the Debtor relies on the Affidavit of Bart Houston (the "Houston Affidavit"). In further support of this Application, the Debtor respectfully represents as follows:

## BACKGROUND

**A.**     **The Chapter 11 Filing**

1. On January 14, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses as debtor-in-possession pursuant to sections 1107(a) and 1109 of the Bankruptcy Code.

2. No creditors' committee has yet been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for the relief requested herein are § 327(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

**B.     Background and Business Operations**

5.     VCH was formed in late 2003 to serve as an investment holding company for its two wholly owned subsidiaries, Eyeglass World and The LASIK Vision Institute ("LVI"). VCH also provided central administrative services to support the two operating subsidiaries.

6.     In January 2009, the Debtor sold the Eyeglass World subsidiary, leaving LVI as its sole remaining investment asset.

7.     LVI is a developer and operator of laser vision correction centers. LVI performs procedures in 27 freestanding centers located in 23 states. LVI also is affiliated with independently owned co-management facilities, located in several states that perform pre and postoperative examinations.

8.     The principal and only location for VCH is 3801 S. Congress Avenue, Lake Worth, FL 33461. VCH only has one location to serve as the central headquarters for administrative support services to the remaining operating company.

## RELIEF REQUESTED

9.     By this Application, the Debtor seeks to employ and retain Houston and GJB as its general restructuring and bankruptcy counsel with regard to the filing of its Chapter 11 petition and the prosecution of its Chapter 11 case. Accordingly, the Debtor respectfully requests the entry of an order pursuant to Section 327(a) of the Bankruptcy Code authorizing it to employ and retain Houston and the law firm of GJB as its attorneys under a general retainer to perform the legal services that will be necessary during its Chapter 11 case as more fully described below.

10.     Prior to the commencement of this Chapter 11 case, the Debtor sought the services of GJB with respect to, among other things, advice regarding restructuring matters in general, and preparation for the potential commencement and prosecution of a Chapter 11 case for the Debtor. The Debtor believes that continued representation by its pre-petition restructuring counsel, GJB, is critical to the Debtor's efforts to restructure its business because GJB has extensive experience and expertise in complex commercial reorganization cases and is familiar with the Debtor's business, legal and financial affairs. Accordingly, GJB is well-suited to guide the Debtor through the Chapter 11 process.

## BASIS FOR RELIEF

11.    Continued representation of the Debtor by its restructuring counsel, GJB, is critical to the success of the Debtor's reorganization.

12.    The Debtor has selected the firm of GJB as attorneys because of the firm's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

13.    The Debtor desires to employ the firm of GJB under a general retainer because of the extensive legal services that will be required in connection with its Chapter 11 case.

## SERVICES TO BE RENDERED

14.    The services of GJB are necessary to enable the Debtor to execute faithfully its duties as Debtor-in-possession. Subject to order of this Court, the law firm of GJB will be required to render, among others, the following services to the Debtor:

(a)    advise the Debtor with respect to its powers and duties as debtor and debtor-in-possession in the continued management and operation of its business and properties;

(b)    attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

(c)    advise the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of sales promotion, liquidation, stock purchase, merger or joint venture agreements, formulate and implement bidding procedures, evaluate competing offers, draft appropriate corporate documents with respect to the proposed sales, and counsel the Debtor in connection with the closing of such sales;

(d)    advise the Debtor in connection with post-petition financing and cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to the Debtor in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

(e)    advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

(f) provide advice to the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business including attendance at senior management meetings, meetings with the Debtor's financial and turnaround advisors and meetings of the board of directors, and advice on employee, workers' compensation, employee benefits, labor, tax, insurance, securities, corporate, business operation, contracts, joint ventures, real property, press/public affairs and regulatory matters;

(g) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

(h) prepare on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(i) negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(j) attend meetings with third parties and participate in negotiations with respect to the above matters;

(k) appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtor's estate before such courts and the U.S. Trustee; and

(l) perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

15. The firm of GJB is willing to act on behalf of the Debtor as set forth above.

**DISINTERESTEDNESS OF PROFESSIONALS**

16. Except as set forth in the Houston Affidavit, to the best of the Debtor's knowledge, the shareholders, counsel and associates of the firm of GJB: (a) do not have any connection with the Debtor, its affiliates, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants; (b) are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor's estate.

4

17. More specifically, as set forth in the Houston Affidavit:

(a) Neither GJB nor any attorney at the firm holds or represents an interest adverse to the Debtor's estate.

(b) Neither GJB nor any attorney at the Firm is or was a creditor, an equity holder, or an insider of the Debtor, except that GJB previously rendered legal services to the Debtor for which it was compensated.

(c) Neither GJB nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

(d) GJB does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

### **PROFESSIONAL COMPENSATION AND RETAINER**

18. On January 14, 2010, GJB received an amount equal to $75,000.00 from the Debtor (the "Retainer"), which was deposited into the trust account of GJB. GJB has applied the Retainer to the payment of total fees through the Petition Date in the amount of **$5,000.00** and the filing fee of $1,039.00. Such fees were incurred (i) in contemplation of the filing of this Chapter 11 case, and (iii) in respect of the preparation of this Chapter 11 case.

19. In connection with the preparation of this Chapter 11 case, GJB was required to estimate the amount of fees and expenses incurred during the last several days prior to the Petition Date. GJB paid such estimated amounts from the Retainer prior to the filing of this Chapter 11 case. If and to the extent that the actual fees and expenses incurred during such time period are less than the estimated amounts paid, then GJB shall transfer such difference to the Chapter 11 Retainer. If and to the extent that the actual fees and expenses incurred during such time period exceed the estimated amounts paid, then GJB hereby waives such excess fees and expenses.

20. As of the Petition Date, GJB had an amount equal to $68,961.00 remaining as a Retainer to be used in connection with the prosecution of this chapter 11 case (the "Chapter 11 Retainer"). The Chapter 11 Retainer has been transferred to GJB's trust account so it can be held until such time as a final fee application is presented and approved by the Court. The Chapter 11 Retainer shall remain intact and not be used to pay any interim fees in this case. GJB will seek

payment of its interim fees from the Debtor's operating capital or pursuant to the terms of an Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals or Order Granting Interim Allowance of Compensation and Reimbursement of Expenses, if appropriate. Accordingly, GJB will not look to apply the Chapter 11 Retainer until such time as a fee application is presented and approved by the Court.

21. GJB intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court. GJB will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

22. Consistent with the firm's policy with respect to its other clients, GJB will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

23. GJB has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case.

24. Other than as set forth herein and in the Houston Affidavit, no arrangement is proposed between the Debtor and GJB for compensation to be paid in this case, and no agreement or understanding exists between GJB and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

25. No previous request for the relief sought in this Application has been made to this Court or any other Court.

## **REQUEST FOR INTERIM RELIEF**

26. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

*11 U.S.C. § 327(a).*

27.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

*Fed. R. Bankr. P. 2014.*

28.    Pursuant to the recently revised Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 cases. See, e.g., *First NLC Fin. Servs, LLC*, No. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008); *In re TOUSA, Inc., et al.,* No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008)(approving interim retentions of financial advisor and legal counsel on interim basis on the same terms as set forth in the proposed order annexed hereto as Exhibit A within first 20 days of chapter 11 case).

29.    First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003. Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral. That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted. Later, after further opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief

requested.

30. Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case…." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

31. Interim relief is clearly justified and appropriate in the context of this application.

32. It is well recognized in this district and others that a corporation must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear pro se. See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); see also In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."); Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.").

33. Without general bankruptcy counsel, the Debtor is technically unable to proceed with this case. GJB will play an integral role in the first 20 days of this chapter 11 case in all of the Debtor's key work streams during this critical period. Among other things, the Debtor will need GJB's assistance in stabilizing business operations, negotiating with key creditor constituencies, utilizing the tools available in chapter 11 to restructure the Debtor's operations, addressing issues related to the "first day" hearing and related orders, constructing a business plan and plan of reorganization and defining the Debtor's path post-restructuring.

34. Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order, substantially in the form annexed hereto as ***Exhibit A***, authorizing the Debtor to retain and employ GJB on an interim basis and to compensate GJB for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case. This interim form of relief ensures the availability of GJB's full resources to the Debtor during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis. The form of proposed order granting this application

annexed hereto as *Exhibit A* clearly and unequivocally preserves any objections of all creditors and parties in interest to the final hearing on this application and further provides that any such objections will be considered de novo. Accordingly, no party is prejudiced by the limited relief sought by this application and the objective of the drafters of Rule 6003 is not frustrated.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an interim order: (i) authorizing the Debtor's retention of Bart Houston, Esq. and the law firm of GJB upon the terms outlined in this Application nunc pro tunc to the Petition Date; (ii) setting a final hearing on this Application; and (iii) granting such other and further relief as is just and proper.

Dated this 14th day of January, 2010.

Respectfully Submitted,

**VISION CARE HOLDINGS, LLC**

By: /s/ Ben L. Cook
Ben L. Cook, Member

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing Motion was served via Notice of Electronic Filing to all creditors and interest parties registered to receive such CM/ECF electronic notification from the Bankruptcy Court and via U.S. Mail to all creditors listed on the attached mailing matrix on this 14th day of January, 2010.

/s/ Bart A. Houston
Bart A. Houston, Esq.